IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRANCE J. DAVIS,

    Petitioner,                    No. 2:13-cv-0583 GGH P

    vs.

HEIDI M. LACKNER,

    Respondent.               ORDER AND

                                /        FINDINGS & RECOMMENDATIONS

       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will not be required at this time to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee as it appears that his claims are not exhausted.

       The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The petition states only that petitioner did not appeal from the judgment of conviction, and that he filed a habeas corpus petition with the superior court only. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2 | F.2d 1153 (9th Cir. 1991).

3 | DATED: April 9, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

7 | GGH:076/Davi0583.103.wpd